UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| MARK ANTHONY STERLING, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 1:18-CV-00257-NCC |
| CAPE GIRARDEAU COUNTY SHERIFF'S DEPARTMENT, UNKNOWN STEVENS, and UNKNOWN PRICE, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Mark Anthony Sterling, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion and assess an initial partial filing fee of $9.54. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly balance of $47.70. The Court will therefore assess an initial partial filing fee of $9.54, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

### The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Cape Girardeau County Sheriff's Department, and two law enforcement officers: Lieutenant Unknown Stevens, and Officer Unknown Price. He states he sues the officers in their official capacities.

In setting forth his claims for relief, plaintiff alleges that, on February 14, 2017, he was "ambushed by the deputy sheriffs at the Cape Girardeau County Jail and assaulted." Plaintiff writes "head and neck injuries, plus injury to my right arm," and "put me in choke hold, hit me with riot club and tazed me." He seeks $1 million in damages.

After filing the complaint, plaintiff filed three letters. The first two were addressed to the Clerk of the Court, and the third was titled "Letter Two." (Docket Nos. 7-9). In the letters, plaintiff describes, in narrative fashion, being arrested for a crime he did not commit, various infirmities in his state court judicial proceedings, and many other matters. He also indicates he wishes to add new defendants and claims.

### Discussion

Plaintiff's claims against the Cape Girardeau County Sheriff's Department are subject to dismissal because municipal departments, such as local sheriff's departments, are not suable entities under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (departments or subdivisions of local government are "not juridical entities suable as such").

Plaintiff's claims against Stevens and Price are also subject to dismissal. Plaintiff names these defendants in their official capacities, which is the equivalent of naming the governmental entity that employs them. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). As explained above, the Cape Girardeau County Sheriff's Department cannot be sued under § 1983. *See Ketchum*, 974 F.2d at 82. Additionally, plaintiff's allegations in the complaint do not state a viable claim for relief against either Stevens or Price, as plaintiff fails to allege facts showing how each defendant was personally involved in or directly responsible for depriving plaintiff of his constitutional rights. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Finally, it appears plaintiff wishes to amend his complaint, as he has filed three letters describing events and conduct he believes were wrongful. However, filing documents as supplements to a complaint is an impermissible way to bring claims before the Court, and plaintiff may not communicate with the Court by submitting letters. *See* E.D.Mo. L.R. 4.04(A).

In consideration of plaintiff's *pro se* status, the Court will give him the opportunity to submit an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[1]

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting his claim or claims against that defendant. **Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).**

If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

Plaintiff has also filed a motion to appoint counsel. The Court will deny the motion at this time, without prejudice. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers factors such as the complexity of the case, the ability of the *pro se* litigant to investigate the facts, the

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

existence of conflicting testimony, and the ability of the *pro se* litigant to present his claims. *Id.* After considering these factors, the Court concludes that the appointment of counsel is not warranted at this time. Based upon the complaint, it does not appear that this case is factually or legally complex, nor does it appear that plaintiff will be unable to investigate the facts. In addition, the motion is premature, as no defendant has been served with process, and discovery has not begun. The Court will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $9.54 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint in accordance with the instructions in this Memorandum and Order within thirty (30) days from the date of this Order.

**Plaintiff's failure to timely comply with this Memorandum and Order will result in the dismissal of this action, without prejudice and without further notice.**

Dated this 14th day of January, 2019.

                                                      /s/ Noelle C. Collins
                                               NOELLE C. COLLINS
                                               UNITED STATES MAGISTRATE JUDGE